**INTERNAL REVENUE SERVICE,**
**Appellant,**

v.

**James W. CAMPBELL and Mary**
**Jo Campbell, Appellees.**

No. 93–1906–CIV–T–23C.
Bankruptcy No. 92–03022–8P3.

United States District Court,
M.D. Florida,
Tampa Division.

April 7, 1995.

Susan R. Waldron, Philip Doyle, U.S. Dept. of Justice, Tax Div., Washington, DC, for appellant I.R.S.

B. Gray Gibbs, Gibbs & Runyan, P.A., St. Petersburg, FL, for appellees James W. Campbell, Mary Jo Campbell.

## ORDER

CHARLES M. METZNER, Senior District Judge.

Appeal by the claimant, Internal Revenue Service, from an order of the bankruptcy court denying its motion to Vacate Order Granting Debtors' Motion Compelling The Internal Revenue Service to release a lien.

The government filed an amended proof of claim in this case for a secured claim of $20,000 and an unsecured claim of $56,945.31. Debtors filed an objection to this claim and the bankruptcy court held that only $3,725 of a government tax claim was a secured claim. No appeal was taken from this order.

Thereafter, debtors moved to compel the government to release the tax lien. The basis for the motion was that the secured claim had been paid in full under a confirmed Chapter 13 Plan, and therefore, there was no obligation secured by the lien. This motion was granted on default.

On the government's motion the matter was reopened. The government conceded that its secured claim has been paid, but argued that the lien should continue until the unsecured portion of the lien is discharged pursuant to Section 1328 of the Bankruptcy Code or has been satisfied in full.

The court below found that the issue presented in this case is a conflict between the provisions of Section 506(d) of the Bankruptcy Code and Section 6325 of the Internal Revenue Code. It chose Section 506(d) as the governing law.

Section 506(d) of the Bankruptcy Code provides that any lien securing a claim against a debtor that is not an allowed secured claim is void. As pointed out above, the government never appealed the ruling of the bankruptcy court fixing the amount of the secured claim.

Section 6325 of the Internal Revenue Code provides that the lien with respect to any Internal Revenue tax may be released after tax liability has been paid in full or is legally unenforceable.

Section 6322 of the Internal Revenue Code provides that the lien continues until the liability for the amount assessed is satisfied.

The Internal Revenue Code provides the procedures to be followed to collect taxes from the general population. Congress has seen fit to provide a procedure in the Bankruptcy Code whereby members of the general population, who find themselves in a straightened financial situation, can arrange their affairs and start anew. The sections involved here are not antagonistic. They are part of a deliberate pattern adopted by Congress.

The unsecured claims for a tax have been placed in the eighth order of priority of claims, 11 U.S.C. § 507(a)(8). The government has filed a claim consisting of a secured claim and an unsecured claim. Pursuant to Section 506(d), the lien must be voided as to the unsecured claim. If we follow the government's argument and continue the force of the lien, the government would be receiving more than Congress intended it to re-

ceive in these cases. The judgment is AFFIRMED.

DONE AND ORDERED.